E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes and Consumer
Protection Section
DENNIS MITCHELL (Cal. Bar No. 116039)
Assistant United States Attorney
Deputy Chief, Environmental Crimes and
Consumer Protection Section
DOMINIQUE CAAMANO (Cal. Bar No. 301810)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2484
    E-mail: mark.a.williams@usdoj.gov
            dennis.mitchell@usdoj.gov
            dominique.caamano@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 23-221-JFW |
| Plaintiff, | ADDENDUM TO GOVERNMENT'S RESPONSE TO THE PRE-SENTENCE REPORT AND SENTENCING RECOMMENDATION FOR DEFENDANT TREVOR JACOB |
| v. | |
| TREVOR DANIEL JACOB, | |
| Defendant. | Sent. Hearing Date: 12-4-23 |
| | Time: 8:00 a.m. |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Dennis Mitchell,

Dominique Caamano, and Mark A. Williams hereby submits its Addendum to Government's Response to the Pre-Sentence Report and Sentencing Recommendation for defendant Trevor Jacob.


Dated: November 20, 2023          E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  _____/s/_____
                                  DENNIS MITCHELL
                                  DOMINIQUE CAAMANO
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

I.   **DEFENDANT'S CRIMINAL HISTORY CATEGORY SHOULD BE I**

Documents provided by defendant's counsel regarding defendant's two prior trespassing convictions, which are described in the Presentence Investigative Report ("PSR") for Defendant Trevor Daniel Jacob ("defendant"), at paragraphs 50 through 52, and in defendant's Sentencing Memorandum.  Having reviewed those documents, the government believes that: (1) the offense conduct resulting in those convictions occurred on June 9, 2017, not July 3, 2017; and (2) the two trespassing convictions sustained by defendant on August 21, 2017, and October 23, 2017, resulted from the same offense conduct. Consequently, the government recommends that the Court find that defendant's Criminal History Category is I, that defendant's total offense level is still 13, and that the corresponding Sentencing Guidelines range is 12 to 18 months.  The government further recommends that defendant be sentencing to a term of imprisonment of 12 months, a three-year period of supervised release, a fine of $10,000, and a special assessment of $100.[1]

II.  **THE TERMS OF SUPERVISED RELEASE SHOULD INCLUDE A PROHIBITION AGAINST PILOTING ANY AIRCRAFT**

Given the nature and seriousness of defendant's offense conduct, and the circumstances surrounding that conduct, in essence,

---

[1] In the Government's Response To the Presentence Report And Sentencing Recommendation For Defendant Trevor Jacob ("the Government's Sentencing position"), the undersigned AUSA stated at Page 1, Lines 13 through 20, that it would recommend a 10-month term of imprisonment if, after reviewing documents provided by defense counsel, the government believed that defendant's Criminal History Category should be I instead of II.  That statement was erroneous. It has been the government's intention to recommend the low-end of the applicable Guidelines range, which at offense level 13 and Criminal History Category I is 12 to 18 months.  The undersigned AUSA apologizes for that erroneous statement in the Government's Sentencing Position.

intentionally crashing an airplane and obstructing the subsequent Federal investigation of the crash, defendant should not be allowed to pilot any aircraft during his term of supervised release, or, if applicable, any term of probation.

The government strongly objects to defendant being able to exercise the privileges of a licensed pilot during his term of supervised release or probation.  The recklessness and risk created by defendant's conduct run directly counter to a licensed pilot's responsibilities.

**III. CONCLUSION**

For the reasons set forth above, the government recommends that defendant be sentenced to a 12-month term of imprisonment, a fine of $10,000, a three-year term of supervised release,[2] which should include a prohibition against piloting any aircraft, and a $100 special assessment.

---

[2] The undersigned AUSA also acknowledges that the Government's Sentencing Position referred to recommending a three-year term of supervised release at page 2, lines 5-6, and a two-year term of supervised release at page 8, line 24.  The undersigned AUSA apologizes for that confusion.  Given the nature and circumstances of defendant's offense conduct, the government believes that a three-year term of supervised release is warranted.